CHARLES SUPPIGER ET AL.

v.

THE PEOPLE, use, etc.

1. ROAD TAX—TO WHOM PAID UNDER SEC. 119.—The tax provided for by section 16 of the road law of 1879, and those provided for by section 119 of the same law, are different and distinct taxes. The former, where levied upon property within a municipal corporation, is payable to the municipal authorities; while the latter are payable to the treasurer of the commissioners of highways.

2. SPECIAL CHARTER OF TOWN.—The charter incorporating the town of Highland, provided among other things that the tax levied for road purposes upon property within a radius of one mile outside the limits of such

town, should be paid to the municipal authorities; and also imposed upon such town the burden of keeping the roads and bridges within such radius in repair. *Held*, that the tax contemplated by the charter was identical with that mentioned in section 16 of the road law, and was not such a tax as is contemplated by section 119.

APPEAL from the Circuit Court of Madison county; the Hon. AMOS WATTS, Judge, presiding. Opinion filed October 6, 1881.

Messrs. METCALF & BRADSHAW, for appellants; that the taxes mentioned in sections 16 and 119 of the road law are different and distinct taxes, cited Rev. Stat. 1879, Chap. 121, §§ 16, 119, 120, 121, 122; Mee v. Paddock, 83 Ill. 494; Baird v. The People, 83 Ill. 387.

The amendment of 1877 did not deprive villages of that portion of the tax collected within their limits; City of Galena v. Com'rs, 2 Bradwell, 255; City of Clinton v. Town of Clintonia, 3 Bradwell, 36.

Messrs. KROME & HADLEY, for appellees; as to powers under special charter, cited Town of Ottawa v. County of LaSalle, 12 Ill. 339; State v. Clark, 1 Dutch. 54; State v. Branin, 3 Zab. 485; Goddard's case, 16 Pick. 504; Bisbee v. Mansfield, 6 Johns. 84; State v. Minton, 3 Zab. 530.

Statutes of a general nature do not repeal charters and special acts : Dillon on Mun. Cor. 100; Covington v. E. St. Louis, 78 Ill. 548; Gunnarsohn v. City of Sterling, 92 Ill. 569.

CASEY, P. J. The facts in this case are agreed to, and are as follows : It is hereby stipulated and agreed by and between the parties to the above entitled suit, that said cause may be tried before the court, without the intervention of a jury, upon the following state of facts: That the president and board of trustees of the Town of Highland is a municipal corporation, organized and existing under and by virtue of an act of the General Assembly of the State of Illinois, entitled " An act to incorporate the Town of Highland, in Madison county, Illinois, approved February 16th, 1865, and is located within the territorial limits of the Town of Helvetia, Madison county, Illinois;

that Sec. 12 of said act provides as follows : It shall be the
duty of said president and trustees to cause all roads, streets,
alleys and bridges in said corporate limits, and for one mile be-
yond said corporate limits to be kept in good repair; and for
this purpose each male inhabitant of said town, of the age of
twenty-one years, and under fifty, shall labor on said roads,
streets, alleys and bridges two days in each year, under the
direction of a street commissioner, or as may be provided by
ordinance for that purpose, and in case of failure or refusal so
to work, such persons shall pay for each day's failure the sum
of one dollar, which may be recovered before any justice of
the peace in Madison county, in the name of the president
and board of trustees of the Town of Highland, and if said
labor shall be insufficient, the president and board of trustees
may make such appropriations therefor from time to time, as
they may deem proper.   It is also enacted that the road labor
required to be performed by this act shall exempt the inhabi-
tants of Highland from the performance of any other road
labor under the laws of this State, and the road tax assessed
upon the property in said corporation, and upon the property
for one mile beyond the limits of the corporation, shall be paid
to the treasurer of the Town of Highland, and may be col-
lected in such manner as may be prescribed by ordinance."
That there was levied and assessed, in pursuance of law, for the
year A. D. 1879, and subsequent to July 1st, 1879, upon all
the taxable property within the Town of Helvetia a tax of not
exceeding forty cents on each one hundred dollars of taxable
property, as " road and bridge tax;" that the aggregate amount
of the tax levied and assessed for said purpose for said year
within the corporate limits of the said Town of Highland was
one thousand one hundred and seventy-three and 63-100 dol-
lars.    It is also admitted that the defendant, Chas. B. Suppi-
ger, was duly elected collector of taxes for the year 1879,
within and for the Town of Helvetia, and that on the second
day of December, A. D. 1879, he entered into bond for the
faithful performance of his duties as such collector, in the sum
of thirty-one thousand one hundred and seventy dollars, with
Bernard Suppiger, Sr., Bernard A. Suppiger, Xavier Suppiger

and David Suppiger, as sureties, which bond was on said day acknowledged before Charles Boeschenstein, a justice of the peace in and for said county, and was approved by the supervisor and town clerk of said town of Helvetia, on the third day of December, A. D. 1879. It is further admitted that between the first day of January, A. D. 1880, and the time of the commencement of this suit, there came to the hands of the said Charles B. Suppiger, as such collector, the sum of one thousand ninety-two and 40-100 dollars, being the amount of the "road and bridge tax" collected by him from the property within the corporate limits of the said town of Highland, and that the said Charles B. Suppiger refuses to pay the said sum, or any part thereof, over to the treasurer of the said town of Highland.

It is also admitted that the said town of Highland, since its incorporation in 1865, up to the present time, has built the bridges, opened the roads, streets and alleys, within its corporate limits, and kept the same in repair at its own cost. It is also further stipulated and agreed that Madison county, at the time of the levy and collection of the tax aforesaid, had adopted township organization, and that the same is still in force in said county. That the town of Helvetia at said time had, and now has, three highway commissioners, elected in pursuance of law; that they are organized and have elected a treasurer in accordance with law, and that they have brought suit for, and are demanding of said Charles B. Suppiger the amount of the tax collected by him, as above set forth. It is also stipulated that this statement of facts shall be made applicable to the case of the People of the State of Illinois, who sue for the use of the Highway Commissioners of Helvetia Township, Madison County, Illinois, v. Charles B. Suppiger, Bernard Suppiger, Sr., Bernard A. Suppiger, Xavier Suppiger and David Suppiger, commenced at the present term, and now pending in said circuit court. It is also stipulated that the town of Highland has received of said collector the full amount of road tax levied and collected for said year from property within the corporate limits of said town of Highland, but that it has received no part of the road and bridge tax

collected within the corporate limits of said town or without the same. It is further stipulated by and between the parties to this suit, that this agreed statement of facts is entered into by and between the parties for the purpose of saving costs and expenses of subpœning witnesses, and having the law of the case found by the courts. It is further stipulated by the parties, that in case the court, on the hearing hereof, shall find the law to be with the plaintiffs in their suit, he shall enter judgment in favor of the plaintiffs and against the defendants for $31,170, debt, to be satisfied upon the payment of $1,070.56 damages by defendants to plaintiffs; but in case, on said hearing, the court shall find the case to be with the defendants, he shall enter judgment against the plaintiffs, and in favor of defendants for their proper costs herein. It is further stipulated that either party shall have the right of appeal. Whereupon the court, upon said agreed statement of facts on a trial, rendered judgment in favor of said plaintiffs and against said defendants, for the sum of $31,170 debt, and $1,070.56 damages and costs of suit. Said debt to be satisfied upon the payment of the damages, to which defendants excepted. The cause is certified to this court for a determination of the questions of law arising therein.

The first error assigned is that the court erred in finding the issues in said case in favor of the plaintiffs and against the defendants. It will be seen that the town of Helvetia includes the town of Highland, the latter being incorporated by a special act of the General Assembly, as shown by the agreement. The question for consideration is, whether the taxes levied and collected by virtue of section 119 of the road law of 1879, by the commissioners of highways of the town of Helvetia, within one mile of the corporate limits of Highland, should be paid to the municipal authorities of the said town of Highland, or to the treasurer of the said highway commissioners of the said town of Helvetia. It is insisted by the able and learned counsel for appellees, that the terms and provisions of the special act incorporating the town of Highland, required that the collector should pay these taxes, when collected, to the treasurer of the municipal authorities.

The general road law of 1879 provides for two distinct taxes to be levied by the commissioners of highways.   One is provided for section 16 of said act, which is substantially that the highway commissioners shall ascertain how much money must be raised by tax on real and personal property for the making and repairing of roads only, to any amount they may deem necessary, not exceeding forty cents on each hundred dollars' worth, as valued on the assessment roll of the previous year.   The section further provides that this tax on property lying within an incorporated village, town or city, shall be paid over to the treasurer of such village, town, or city, to be appropriated to the improvement of roads, streets and bridges, within such incorporated limits, or within the township, under the direction of the city authorities.   There is a still further provision, that the authorities of the village, town or city, may at any time direct the collector not to collect the tax provided for by this section.   Section 119 provides that the highway commissioners shall annually ascertain how much money must be raised for the making and repairing of bridges, the payment of damages—by reason of the opening, altering, and laying out of new roads—the purchase of the necessary tools, implements, and machinery for working roads, the purchase of the necessary material for building or repairing roads and bridges, and the pay of the overseers of highways during the ensuing year.   For that purpose a tax of not exceeding forty cents on the hundred dollars may be extended on all the property, real and personal, in the town.   This section further provides that, in case a larger amount is required for the purpose of constructing or repairing roads or bridges, than can be realized from the real and personal tax authorized by law to be assessed by the commissioners, the voters of the town, at the annual town meeting—notice having been given—may authorize an additional amount to be raised by tax not exceeding forty cents on each hundred dollars' valuation, and the board shall cause the same to be extended on the tax books.   Section 122 provides that this tax so collected—meaning, beyond any question, the tax provided for in section 119—shall be paid to the treasurer of the commissioners of highways.

It authorizes the expenditure of the fund by the commissioners of highways at any point in the town, but when expended within the limits of any incorporated village, town or city, shall be done by and with the consent of the corporate authorities. The act incorporating the town of Highland, as has been seen, provides that the president and trustees shall cause all roads, streets, alleys and bridges in said corporate limits, and for one mile beyond said corporate limits, to be kept in good repair. The act further provides that each male inhabitant of said town, between the ages of twenty-one years and fifty, shall be required to work on said roads. The act further provides that the road tax assessed upon the property in said corporation, and upon the property for one mile beyond the limits of the corporation, shall be paid to the treasurer of the town of Highland. It is insisted by appellants that the road law of 1879 is a revision of the entire subject, and by implication at least the special provisions of the charter of the town of Highland are repealed. With the view we take of this case, it is not necessary to discuss or decide that question.

The question is, is the tax provided for by the special act of incorporation of the town of Highland, the same as that provided for by section 119 of the law of 1879. The special charter provides that the road taxes levied, etc., shall be paid to the municipal authorities. Section 119 provides for the levying of a tax for five different purposes. 1. Making and repairing roads. 2. The payment of damages by reason of altering and laying out new roads. 3. The purchase of necessary material for repairing roads. 4. The purchase of the necessary tools, implements and machinery for repairing roads and bridges, and 5. The pay of the overseers of highways during the ensuing year. It is very apparent and must be seen that this is quite a different tax from that provided for in the special act incorporating the town of Highland. The objects and purposes of the tax are quite different. The tax provided for in the charter by defendant is covered by and is identical with the tax provided for by section 16 of the law of 1879. That tax is payable to the municipal authorities. We have already seen that the taxes provided for in sections 16 and

119 are different and distinct taxes. The tax provided for by section 119 is payable to the treasurer of the commissioners of highways. So that, in any view we have been able to take of this case, after a careful consideration, notwithstanding the provisions of the act incorporating defendant, we hold that the tax collected by virtue of the provisions of section 119 of the road law of 1879, which is denominated the road and bridge tax, should be paid to the treasurer of the commissioners of highways. The judgment of the circuit court is reversed and the cause remanded.

Reversed and remanded.